Humberto M. Guizar, Esq., (SBN 125769)
herito@aol.com
Kent M. Henderson, (SBN 139530)
kent@carrazcolaw.com
Angel Carrazco, Jr., (SBN 230845)
angel@carrazcolaw.com
GUIZAR, HENDERSON & CARRAZCO, L.L.P.
18301 Irvine Blvd.
Tustin, CA 92780
Telephone No.: (714) 541-8600
Facsimile No.: (714) 541-8601

Attorneys for Plaintiff,
Ann Janette Cortez

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN JANETTE CORTEZ, individually and as Successor in Interest of SANTINO CESAR TREVINO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, an entity, NESTOR ESCOBAR; ALEJANDRO PINEDA, individual police officers with CITY OF LOS ANGELES POLICE DEPARTMENT; and DOES 1 Through 10, Inclusive,<br><br>Defendants.<br>_____ | CASE NO.:<br>**COMPLAINT FOR DAMAGES:**<br>1. Deprivation Of Civil Rights (42 USC §1983);<br>2. Deprivation Of Civil Rights – Failure To Supervise, Train And Take Corrective Measures Causing Constitutional Violations (42 USC §1983);<br>3. Deprivation Of Civil Rights - *Monell* Violations (42 USC §1983);<br>4. Substantive Due Process (42 USC §1983);<br>5. Assault And Battery And Wrongful Death;<br>6. Negligence;<br>7. Bane Act Violation (California Civil Code §52.1)<br>**[DEMAND FOR JURY TRIAL]** |

# **COMPLAINT FOR DAMAGES**

COMES NOW PLAINTIFF, Ann Janette Cortez as Successor in Interest of decedent SANTINO CESAR TREVINO, individually in her Complaint against defendants CITY OF LOS ANGELES (hereinafter also referred to as, "CITY"); NESTOR ESCOBAR, ALEJANDRO PINEDA AND DOES 1 THROUGH 10, inclusive (collectively "Defendants"), allege as follows:

## PRELIMINARY STATEMENT

1.    This civil rights action seeks compensatory and punitive damages from individual police officers, from senior Los Angeles Police Department (hereinafter also referred to as, "LAPD") officials, and from the City of Los Angeles for violation of fundamental rights under the United States Constitution and state law in connection with the brutal and tragic police shooting and killing of SANTINO CESAR TREVINO on June 22, 2017.

## JURISDICTION AND VENUE

2.    PLAINTIFF ANN CORTEZ, asserts this claims for relief arising under, and for violations of, the following laws:

   (a)   Federal Civil Rights Act under 42 U.S.C. Sections 1983, 1985, 1986, and 1988;
   (b)   *Monell v. Department of Social Services*;
   (c)   The Fourth Amendment of the United States Constitution;
   (d)   The Fourteenth Amendment of the United States Constitution;
   (e)   Equal Protection Clause and Due Process Clause of the Fifth Amendment of the United States Constitution.

3.    The jurisdiction of this Court is, therefore, founded on Federal Question Jurisdiction pursuant to 28 U.S.C. Section 1331.

4.    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth and Fourteenth Amendments to the

Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of California.

5. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of rights, privileges, and immunities secured to a plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

6. This court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. Section 1367(a).

7. Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants reside in, and in all incidents, events, and occurrences giving rise to this action occurred in, the City of Los Angeles, California. Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq. on November 8, 2017, and this action is timely filed within all applicable statutes of limitations.

## PARTIES

8. Plaintiff ANN CORTEZ is the mother, successor in interest, and heir at law of SANTINO TREVINO, to the deceased. Plaintiff CORTEZ is a resident of the state of California and resided within the jurisdiction of the state of California at all times herein alleged. She brings this claim for her personally and as SANTINO TREVINO's successor in interest as applicable, pursuant to California Code of Civil Procedure §§ 377.30 and 377.60.

9. At all relevant times, Defendant City of Los Angeles, California, and it's police department is and was a duly organized public entity and existing under the laws of the state of California. Furthermore, at all relevant times, Los Angeles Police Department, was an agency of the City of Los Angeles. Plaintiffs are informed and believe and thereon allege that Defendants CITY and LAPD were the employers of NESTOR ESCOBAR, ALEJANDRO PINEDA and Defendants DOES 1-10.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

10. Plaintiffs are informed and believe, and thereon allege, that Defendant NESTOR ESCOBAR is, and at all times herein mentioned was, duly appointed and acting as police officer for Defendants CITY and LAPD, and was at all material times acting under color of state of law, and as employee, agent and representative of every other Defendant. Defendant NESTOR ESCOBAR was acting under color of law and within the course and scope of his employment, including but not limited to under *California Government Code* Section 815.2, 820, and 825, with Defendants CITY and LAPD on June 22, 2017, the date of the incident and Defendant CITY is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendant NESTOR ESCOBAR as alleged herein. Plaintiffs have timely presented a Government Claim against said defendants under California law and are timely naming them as Defendants herein and suing them for damages under Federal and California state law as alleged herein.

11. Plaintiffs are informed and believe, and thereon allege, that Defendant ALEJANDRO PINEDA is, and at all times herein mentioned was, duly appointed and acting as police officer for Defendants CITY and LAPD, and was at all material times acting under color of state of law, and as employee, agent and representative of every other Defendant. Defendant ALEJANDRO PINEDA was acting under color of law and within the course and scope of his employment, including but not limited to under *California Government Code* Section 815.2, 820, and 825, with Defendants CITY and LAPD on June 22, 2017, the date of the incident and Defendant CITY is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendant ALEJANDRO PINEDA as alleged herein. Plaintiffs have timely presented a Government Claim against said defendants under California law and are timely naming them as Defendants herein and suing them for damages under Federal and California state law as alleged herein.

12. At all relevant times hereto, NESTOR ESCOBAR, ALEJANDRO PINEDA and all DOE Defendants (DOES 1 through 10), and each of them, were acting within the course and scope of their employment and under color of law as officers, deputies, sergeants, captains, commanders, and/or civilian employees of the LAPD, a department and/or subdivision of Defendant CITY and at all times were acting with permission and consent of their co-Defendants. Said Defendants, and each of them, were specifically authorized by Defendant CITY and/or the LAPD to perform the duties and responsibilities of sworn police officers and/or deputies of and for the CITY, and all acts hereinafter complained of were performed by them within the course and scope of their duties as police officers, deputies, and officials for said Defendant, and its police department, and are herein sued in their individual capacities and in their official capacities as police officers, deputies, sergeants, captain, commanders, supervisors, policy makers and/or as other employees of Defendant CITY and LAPD. Said Defendants, and each of them, at all times relevant hereto, were acting under color of law, under the color of the statutes, ordinances, regulation, policies, customs, practices and usages of Defendant CITY, and/or the LAPD.

13. Defendant CITY and the LAPD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of Defendants, and each of them,

14. At all relevant times herein, Defendants DOES 1-10 were supervisors, employees and/or policy makers for Defendants CITY, which employed unlawful, organized and illegal customs and practices of use of unreasonable and/or excessive force and false arrests which lacked probable cause. Said misconduct was encouraged, tolerated and condoned by Defendants, and each of them.

15. At all relevant times to the present complaint, Defendants DOES 1-10, inclusive, were acting within their capacity as employees, agents, representatives and servants of Defendant CITY which is liable under the doctrine of *respondeat*

5
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*superior*, pursuant to Sections 815.2, 820 and 825 of the *California Government Code*, et al.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

16. On or about June 22, 2017, at approximately 11:00 P.M., Decedent SANTINO TREVINO was in the comfort of his own home at 7200 Hillside Avenue in Los Angeles, California.

17. Upon information and belief, TREVINO's roommate was battered and law enforcement was called. As a result, Los Angeles Police Officers responded to TREVINO's home to investigate the battery.

18. Once Los Angeles Police Department officers responded to the battery radio call, the battery victim advised officers that TREVINO was his roommate.

19. LAPD officers proceeding to enter the apartment complex and go to the fourth floor where TREVINO was located. While standing by the front door of the apartment, LAPD officers observed TREVINO inside the apartment.

20. Upon information and belief, LAPD officers began shooting at TREVINO while they were still standing by the front door. In order to avoid being struck by gunfire, TREVINO retreated to a balcony in the apartment. The balcony was facing the street.

21. Upon information and belief, additional officers responded to the scene who observed TREVINO on the balcony from the street. Upon information and belief, TREVINO was holding an object in his hand. Thereafter, TREVINO was shot at by LAPD officers again.

22. Plaintiff is informed, believes and thereupon alleges that TREVINO was struck by gunfire and fell to the floor of the balcony. TREVINO was then handcuffed. Los Angeles City Fire Department Paramedics responded to the scene and pronounced TREVINO deceased at the scene.

23. Defendants PINEDA, ESCOBAR, and DOE OFFICERS, and each of them, discharged their firearms recklessly, intentionally, tortuously and/or, in the

alternative, negligently, with the intent to kill and/or commit serious bodily injury upon SANTINO TREVINO and to violate his civil rights.

24. At the time that SANTINO TREVINO was shot, he had not committed any crimes in the presence of the Defendants, and said Defendants lacked probable cause to make an arrest of his persons, or to use deadly force against decedent TREVINO.

25. Furthermore, at the time of the subject shooting, decedent TREVINO presented no threat of serious bodily harm or death to anyone that would justify the use of lethal deadly force. Defendants used unreasonable and/or excessive deadly force in shooting at decedent TREVINO.

26. As a direct and proximate result of the aforementioned acts of Defendants PINEDA, ESCOBAR, and DOE OFFICERS, and each of them, SANTINO TREVINO suffered the following injuries and damages which are recoverable by Plaintiffs under the Federal Civil Rights statutes identified herein:

    (a) Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law;

    (b) Conscious physical pain, suffering, and emotional trauma;

    (c) Medical bills and expenses and future medical care costs and expenses;

    (d) Loss of income and lost earning capacity;

    (e) Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS UNREASONABLE SEARCH AND SEIZURE – EXCESSIVE FORCE (42 U.S.C. § 1983);
## (Against Defendant Officer NESTOR ESCOBAR, ALENJANDRO PINEDA and DOES 1 THROUGH 10, inclusive)

27. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28. The unjustified shooting of decedent by NESTOR ESCOBAR, ALENJANDRO PINEDA and other unknown Doe Officers deprived decedent of his rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitutions by among other acts, subjecting decedent SANTINO TREVINO to excessive force and deadly force where no force was justified.

29. SANTINO TREVINO's death was a direct and proximate result of the aforementioned violation of rights conferred by the United States Constitutions and the wrongful acts and omissions perpetrated by Defendants while acting under the color of law and pursuant to customs, policies, and/or procedures in violations of 42 U.S.C. § 1983.

30. This use of deadly force was excessive and unreasonable under the circumstances. Defendant's actions thus deprived DECEDENT TREVINO of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of decedent, and will continue to be so deprived for the remainder of her natural life.

31. The conduct of Defendants Officers ESCOBAR, PINEDA, and DOES 1 THROUGH 10, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants Officer ESCOBAR, PINEDA and DOES 1 THROUGH 10, inclusive.

///

///

## SECOND CLAIM FOR RELIEF

## DEPRIVATION OF CIVIL RIGHTS – FAILURE TO SUPERVISE, TRAIN AND TAKE CORRECTIVE MEASURES CAUSING CONSTITUTIONAL VIOLATIONS – (42 USC §1983);

### (Against Defendants NESTOR ESCOBAR, ALENJANDRO PINEDA and DOES 1-10)

32. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. Plaintiff is informed and believes, and thereon alleges, Defendants DOES 1-10 knew, or in the exercise of reasonable care should have known, of a history and propensity and pattern, prior to and after the time of the use of excessive force against SANTINO TREVINO by officers of the Los Angeles Police Department including but not limited to NESTOR ESCOBAR, ALEJANDRO PINEDA, and DOES 1-10, to use excessive force and unreasonable police tactics which lead to the unnecessary and unreasonable uses of excessive force, or use unreasonable, out of policy or unconstitutional police tactics to investigate police us of force incidents.

34. Defendants NESTOR ESCOBAR, ALEJANDRO PINEDA, and DOES 1-10 knew, or in the exercise of reasonable care should have known, that Los Angeles Police Department officers have been involved in a high rate of officer-involved shootings in comparison to other police department in recent years.

35. Notwithstanding this information and history of Los Angeles Police Department officers, including but not limited to DOES 1-10, the Los Angeles Police Department failed to train, supervise or discipline officers who used excessive force, used unreasonable police tactics leading to the unnecessary and unreasonable use of excessive force, used unreasonable and out of policy unconstitutional police tactics to investigate police use of force incidents, or the

police department officers were the subject of prior complaint of allegations of similar conduct and those who had been the subject of allegations in federal and state courts to have violated constitutional rights of others in the course and scope under color of law of their capacities as police officers of the Los Angeles Police Department.

36. Defendants NESTOR ESCOBAR, ALEJANDRO PINEDA, and DOES 1-10 disregard of this knowledge or failure to adequately investigate and discover this pattern, custom or practice of unconstitutional violations, or existence of facts which creates the potential of unconstitutional acts, violated their duty to supervise, train and instruct their subordinate to prevent similar acts to other person as a result Plaintiff was harmed in the manner threatened by the pattern, custom, or practice.

37. Defendants DOES 1-10 custom, practice, and policy resulted in their failure to take steps to properly train, supervise, investigate or instruct Defendants NESTOR ESCOBAR, ALEJANDRO PINEDA, and DOES 1-10 on the use of excessive force, and this was the moving force in the use of excessive force upon SANTINO TREVINO.

38. As a legal result of the conduct of Defendants, as described above, Plaintiff was damaged as alleged herein and as set forth above.

## THIRD CLAIM FOR RELIEF

## DEPRIVATION OF CIVIL RIGHTS – 42 USC §1983 - *MONELL* VIOLATIONS (Against Defendant CITY)

39. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly and with deliberate indifference to the rights of Plaintiffs. Plaintiffs are informed and believe, and on the basis of such

information and belief, allege that Defendant CITY OF LOS ANGELES, through its Police Department, with deliberate indifference and reckless disregard to the safety, security and constitutional and statutory rights of SANTINO TREVINO, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices or customs and usages of, among other things:

  a. Subjecting citizens to unreasonable uses of force against their person, including deadly force;
  b. Selecting, retaining, and assigning officers with demonstrable propensities for excessive force, violence and other misconduct;
  c. Failing to adequately train, supervise, and control officers in the field of law enforcement, including the use of force;
  d. Failing to adequately discipline officers involved in misconduct;
  e. Condoning and encouraging officers in the belief they can violate the rights of persons such as SANTINO TREVINO with impunity, and such conduct will not adversely affect their opportunities for promotion and other employment benefits;
  f. Initiating, implementing, ratifying, maintaining, enforcing, tolerating, permitting, and acquiescing in an illegal "Use and Escalation of Force Policy" that does not adequately limit officers' use of force to those cases in which it is required to make a lawful arrest or protect an officer or third-party from an immediate safety threat; and
  g. Initiating, implementing, ratifying, maintaining, enforcing, tolerating, permitting, and acquiescing in an illegal "Use and Escalation of Force Policy" that failed to comply with the requirements of the law.

41.  Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendant CITY OF LOS ANGELES through its Police Department ordered, authorized, acquiesced in, tolerated, permitted or maintained

customs and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence or reckless disregard to the safety, security and rights of Plaintiff and her decedent son.

42. As a result of Defendants' conduct and each of their violations of Plaintiffs and SANTINO TREVINO's constitutional rights as set forth herein, Plaintiffs were damaged as alleged above.

## FOURTH CLAIM FOR RELIEF
## SUBSTANTIVE DUE PROCESS (42 USC §1983)
### (Against Defendant NESTOR ESCOBAR,
### ALEJANDRO PINEDA, and DOES 1-10)

43. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. ANN JANETTE CORTEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, SANTINO TREVINO.

45. Decedent SANTINO TREVINO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

46. The aforementioned actions of defendants ESCOBAR, PINEDA and DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent

SANTINO TREVINO and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

47. Defendants, ESCOBAR, PINEDA and DOE OFFICERS thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with their familial relationship with decedent SANTINO TREVINO.

48. As a direct and proximate cause of the acts of defendants NESTOR ESCOBAR, ALEJANDRO PINEDA, and DOE OFFICERS, SATINO TREVINO experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural lives. Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

49. The conduct of defendants ESCOBAR, PINEDA and DOE OFFICERS, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants ESCOBAR, PINEDA and DOE OFFICERS.

50. Plaintiff also seeks attorneys' fees under this claim.

## FIFTH CLAIM FOR RELIEF

### ASSAULT AND BATTERY AND WRONGFUL DEATH

**(Against Defendant EDEN MEDINA and DOES 1-10)**

51. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52. Defendants NESTOR ESCOBAR, ALEJANDRO PINEDA, and DOES 1-10, assaulted and battered the decedent SANTINO TREVINO, causing his death.

53. As a result of Defendants' acts as set forth herein, Plaintiff was damaged as alleged above.

### SIXTH CLAIM FOR RELIEF
### NEGLIGENCE
### (Against All Defendants and DOES 1-10)

54. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55. Defendants NESTOR ESCOBAR, ALEJANDRO PINEDA, and DOES 1-10 had a duty to DECEDENT to comply with the minimal Los Angeles Police Department's training mandated for tactical firearms training; to not utilize careless or reckless police tactics that could create a dangerous circumstance or heighten a situation of danger that could result in the use of unnecessary force; to comply with the minimal Los Angeles Police Department's training mandated for tactical firearms training; to cause discharge of their firearm unless it was justified under the totality of the circumstances; to respond appropriately to persons they may believe are a possible suspect of an offense without choosing to use deadly force before determining if the decedent posed an immediate threat to the safety of the officers or to others.

56. Defendant DOE supervisors 2-10, acting within the course and scope of their employment with the Los Angeles Police Department, had a duty to assure the competence of their employees/agents Defendant DOES 1-10, but breached their duty and were negligent in performance of their duties by selecting, hiring, training, reviewing, periodically supervising, failing to supervise, evaluating the competency and retaining their Defendant officers and/or employees and/or agents. The breach of the duty of careful selection, hiring, training, review, supervision, periodic evaluation of the competency and retention of such officers, counselors

14
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

and other staff created an unreasonable risk of harm to persons such as SANTINO TREVINO.

57. Defendants NESTOR ESCOBAR, ALEJANDRO PINEDA, and DOES 1-10 breached their duty by using excessive and deadly force against SANTINO TREVINO.

58. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of Defendants, and each of them, and as a result of their breach of duty of care to SANTINO TREVINO, he was unlawfully shot and killed. Plaintiffs have suffered damages as alleged above.

## SEVENTH CLAIM FOR RELIEF

## VIOLATINO OF BANE ACT - (CALIFORNIA CIVIL CODE §52.1)

### (Against Defendants NESTOR ESCOBAR, ALEJANDRO PINEDA, and DOES 1-10)

59. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60. On information and belief, Defendants ESCOBAR and PINEDA while working as officers for the Los Angeles Police Department, and acting within the course and scope of their duties, specifically intended to commit acts of violence against SANTINO TREVINO, including the using unreasonable force to prevent Plaintiff from exercising his constitutional right to freely, and without governmental interference, enjoy the comfort of his own home. The United States Constitution requires a law enforcement officer to have reasonable suspicion that a crime was committed before a police officer can detain a person. In other words, without a warrant, police officers generally cannot demand that a person stop and speak with them if there is no suspicion of criminal activity. Here defendant ESCOBAR and PINEDAS' use of force, violence and intimidation to detain Plaintiff was illegal because their action violated DECEDENT's right to the Fourth

Amendment to the United States Constitution, which protects individuals such as TREVINO from unreasonable government searches and seizures.

61. When Defendants use force and deadly force, they interfered with the civil rights of TREVINO to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property, These aforementioned actions of defendant resulted in an illegal seizure in violation of the Fourth Amendment, as there were no objective facts or circumstances present that would justify any basis for the seizure and deadly force against DECEDENT. Defendants actions also violated the California Constitution (Cal. Const., Art. 1, § 13), which constitutes an unjustified seizure under California Constitution Article 1, Section 13.

62. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT TREVINO from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

63. The conduct of Defendants was a substantial factor in causing the harms, losses, injuries, and damages of Plaintiff and DECEDENT.

64. Defendant CITY is vicariously liable for the wrongful acts of Defendants ESCOBAR, PINEDA, and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65. The conduct of Defendants ESCOBAR, PINEDA, and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT justifying an award of exemplary and punitive damages. Plaintiff also seeks attorney's fees for this claim as allowed by California law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988; and;

F. For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted,

Dated: April 17, 2018          **GUIZAR, HENDERSON & CARRAZCO, LLP**

By   /s/
    HUMBERTO GUIZAR
    KENT M. HENDERSON
    ANGEL CARRAZCO, Jr.
    ATTORNEY FOR PLAINTIFFS

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury.

DATED:  April 17, 2018 **GUIZAR, HENDERSON & CARRAZCO, L.L.P.**

_/s/_____
HUMBERTO GUIZAR Esq.
KENT M. HENDERSON
ANGEL CARRAZCO, Jr.
ATTORNEY FOR PLAINTIFFS