NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN JANETTE CORTEZ, individually and as Successor in Interest of SANTINO CESAR TREVINO,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>CITY OF LOS ANGELES, an entity, NESTOR ESCOBAR; ALEJANDRO PINEDA, individual police officers with CITY OF LOS ANGELES POLICE DEPARTMENT; and DOES 1 through 10, Inclusive,<br><br>　　　　　　　Defendants. | **Case No. CV18-03248 CAS JPR**<br>*Hon Judge: Christian A. Snyder; Crtm 8D*<br>*Hon Magistrate Judge: Jean P. Rosenbluth*<br><br>**STIPULATED PROTECTIVE ORDER RE FORCE INVESTIGATION REPORT** |

### *PROTECTIVE ORDER FORCE INVESTIGATION DIVISION REPORTS*

After the Plaintiff ANN JANETTE CORTEZ, individually and as Successor in Interest of SANTINO CESAR TREVINO, (hereinafter referred to as "Plaintiff"), by and through her attorneys of record, Humberto Guizar, Esq. of Guizar Henderson & Carrazco L.L.P., and Defendants CITY OF LOS ANGELES, an entity, NESTOR

ESCOBAR; ALEJANDRO PINEDA, individual police officers with CITY OF LOS ANGELES POLICE DEPARTMENT (hereinafter referred to as "Defendants"), by and through their attorneys of record, Michael N. Feuer, City Attorney, Cory M. Brente, Senior Assistant City Attorney, and Christian R. Bojorquez, Deputy City Attorney, conferred regarding the Production of the Force Investigation Report, IT IS HEREBY ORDERED, pursuant to the stipulation of the parties that the following Protective Order, and its terms shall govern documents and things in this matter:

For purposes of this Order, Confidential Materials include, but are not limited to:

1. Force Investigation Division Investigation Records;

2. Any and all documents, interviews, Officer Statements and/or writings created during the Investigation, which include, but are not limited to, the following:

    A. Force Investigation Division Records - No. F048-17
- Interviews;
- Officer Statements, whether written or recorded;
- Legend w/diagram;
- Photographs - Which coincide with an Officer(s) compelled statement which were intended to reflect the Officer's stated or perception of events;
- Investigative Narrative;
- All addenda
- Any videos of the underlying incident

## II. TERMS OF THE PROTECTIVE ORDER

1. The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. The documents and writings so

designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. The "Confidential" Watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

      2.    Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation.

      3.    Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following persons:

      A.    Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

      B.    Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

      4.    Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), or 3(b) other than the parties' counsel, counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing protective order. I have read the stipulation/protective order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
> Dated: _____ /s/ _____"

Once this is completed, Counsel for Plaintiffs will serve a copy of the acknowledgment upon Defendants.

5.      Upon the final termination of this federal litigation, including any appeal pertaining thereto, including but not limited to any event wherein the case is ever remanded to State Court or dismissed and refiled in State Court, all Complaints, Investigations, Reports, materials, as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof shall be returned to the Offices of the Los Angeles City Attorney's Office, 6th Floor, City Hall East, Los Angeles, California 90012 for destruction/shredding.  All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the City Attorney's Office.

6.      If any party who receives Confidential Information receives a subpoena and/or public record request seeking Confidential Information, he, she or it shall immediately give written notice to counsel for defendants unless prohibited by law, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation/protective order so as to afford defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. However, in no event should production or disclosure be made without written approval by defendants' counsel unless required by Court Order arising from a motion to compel production or disclosure of Confidential Information. Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.

7.      Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information, it shall be the party seeking to use such information burden to first request the sealing of such documents pursuant to Local Rule 79-5.1.

///

8. Counsel for the parties hereto agree to request that in the event any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information, that such a Party will first seek special permission from the Court to hear such information outside the presence of the jury. Counsel for the parties further agree that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants may ask the Court that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10. This Protective Order survives settlement, trial and/or appeal.

*IT IS SO STIPULATED.*

Dated: November 27, 2018     GUIZAR HENDERSON & CARRAZCO, LLP

By: /S/ Humberto Guizar
HUMBERTO GUIZAR, ESQ.
Attorneys for Plaintiff ANN JANETTE CORTEZ

Dated: November 27, 2018     MICHAEL N. FEUER, City Attorney

By: /S/ *Christian R. Bojorquez*
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney
Attorneys for Defendants CITY OF LOS ANGELES, an entity, NESTOR ESCOBAR; ALEJANDRO PINEDA

*IT IS SO ORDERED.*

DATED: November 28, 2018

_____
HONORABLE JEAN P. ROSENBLUTH
United States Magistrate Judge

5